### RICHARDSON *et al. v.* WESTERN HOME INS. CO.

*(Supreme Court, General Term, Second Department.* February 10, 1890.)

𝔉OREIGN INSURANCE COMPANIES—POWER TO ACCEPT SERVICE—EFFECT.

    A foreign insurance company, intending to do business in New York, had, in compliance with law, executed a power of attorney conferring on the superintendent of insurance the right to receive process for the company, and had placed the power in the hands of a firm of insurance agents, to be used for its benefit. *Held,* that the filing of the power of attorney with the superintendent, after the company had abandoned its purpose of doing business in the state, so as to enable the agents to sue the company in the state, was an unwarranted use of the power, and that the service thus obtained would be set aside.

'Appeal from special term, Kings county.

Action by Harry A. Richardson and Horace W. Miller against the Western Home Insurance Company to recover for services rendered and moneys expended while employed by defendant. Defendant is an insurance company incorporated under the laws of Iowa, and is not, and never has been, engaged in business in this state. Plaintiffs are insurance agents and brokers engaged ·in business in New York city. In July, 1888, plaintiffs wrote to defendant, making a proposition to procure the admission of defendant to do insurance 'business in this state. In consequence of that letter, defendant prepared a statement of its affairs for submission to the superintendent of the insurance ·department of this state, and also an appointment of the superintendent as its attorney to receive service of process against the company in actions in New York, the appointment being dated August 23, 1888, and sent the two papers to the plaintiffs. Plaintiffs filed the statement with the superintendent before October 2, 1888. On that statement he refused to admit defendant to ·do business in the state. On or about December 7th, defendant by letter notified the superintendent that it had decided to withdraw its application for .admission to the state, and requested a return of the statement and other papers forwarded to him. To that letter he made answer, refusing the request ·on the ground that the withdrawal of papers of that nature, filed in the department, was not allowed. On November 20, 1888, plaintiffs presented to defendant a statement of their claim against defendant for services performed .and money expended. That claim became the subject of controversy between the parties. After the controversy had arisen, and after plaintiffs had re-·ceived knowledge of defendant's withdrawal of its application to the superintendent, the plaintiffs, on December 31st, filed the appointment of attorney with the superintendent, and did so with the intent and for the purpose of ·serving the summons in this action on him. They made the service on January 5, 1889. On the hearing at special term, the court ordered that the service be set aside, and plaintiffs appeal.

    Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Grove M. Harwood,* for appellants. *Douglass & Minton,* for respondent.

BARNARD, P. J. The appointment of the superintendent of the insurance department by the defendant as its attorney to receive service of process never became operative. By chapter 346, Laws 1884, such application was necessary in case foreign insurance companies did business in this state. The application was preliminary to such appointment, and the application was withdrawn by the defendant before the power was filed. The plaintiffs, who were the agents and attorneys for the defendant, filed the power, and promised that the other papers would be filed. The application was registered, and it was not until after the defendant failed to pay the plaintiffs that they filed the power as stated. The power was filed December 29, 1888, and this action was commenced January 5, 1889. The power never became operative. It was conditioned upon a license from the insurance department which was never granted, and it was filed after the appearance had been refused, and for the purpose of service in this action. No one has been deceived thereby. The plaintiffs were the actors in the application, and knew of its inchoate character. The order setting aside the service should therefore be affirmed, with costs.

PRATT, J. The power of attorney executed by defendant, conferring on the superintendent of insurance the right to receive process for defendant, was placed in the hands of plaintiffs, to be used for the benefit of defendant, and to enable it, by complying with the law in that respect, to transact business in the state of New York. Thereafter the defendant abandoned the purpose of transacting business in this state. The plaintiffs were presumptively aware of that fact, and the filing by them of the power of attorney in the office of the superintendent of insurance was manifestly done, not to further the interests and plans of defendant, but to enable plaintiffs to sue it in this jurisdiction. Such use of the power of attorney was unwarranted, and the plaintiffs should not be allowed to hold a service thus obtained. Order affirmed, with $10 costs and disbursements.